By the Court.
The board of education of Champaign county refused to transfer a portion of Jackson rural school district and a portion of Mad' River school district from Champaign county school district to Clark county school district as prayed for by 75 per cent, of the electors residing in the portion of each district sought to be transferred, and also refused to transfer another portion of Jackson rural school district to Miami county school district, for which petition was filed the same day, likewise signed by 75 per cent, of the electors residing in the territory sought to be transferred. The territory described in the second petition adjoined that described in the first petition *260 and they together included approximately 13 square miles of the Jackson rural school district.
The court of appeals in each of said cases denied the application for a writ of mandamus requiring the board of education of Champaign county school district to make the transfer of territory prayed for, because of the fact that within three years the schools of Jackson rural school district had been centralized by a.vote of the people by virtue of the provisions of Section 4726, General Code. Pursuant to the action of the electors of that district bonds had been issued, a school-site had been purchased, and a building, centrally located and suitable for the accommodation of the centralized schools of the district, was in process of erection when the petitions for transfer were filed.
In the case of State, ex rel. Brenner et al., v. Board of Education of Franklin County et al., post, 336, an original action in this court, it' was determined that, under the provisions of Section 4696, General Code, as amended 106 Ohio Laws, 397, whenever 75 per cent, of the electors of territory sought to be transferred to another county school district petitioned for such transfer, the county board of education is vested with no discretion in the premises, but is required under the provisions of that section to transfer such territory in accordance with the prayer of the petition filed with it. In that case a peremptory writ of mandamus was issued, as prayed for in the relator’s petition, commanding the county board of education of Franklin county to transfer territory from the village school *261 district of Canal Winchester, Franklin county, to the Fairfield county school district. However, the question of the applicability of the provisions of Section 4696, General Code, to districts wherein the schools have been centralized, was not involved in that case.
The provisions of Section 4727, General Code, that “When the schools of a rural school district have been centralized such centralization shall not be discontinued within three years, and then only by petition and election, as provided in section 4726,” constitute an exception to the provisions of Section 4696, General Code. Otherwise the county board of education would be required upon the petition of 75 per cent, of the electors of a specified portion of a rural school district to transfer such territory to another county, even though such transfer would effect a decentralization of the schools, which is prohibited by the clear and express provisions of Section 4727, General Code.
This court held in the case of Fulks et al. v. Wright, 72 Ohio St., 547, that “When the schools of a township have been centralized, no part of the territory comprised in such centralization is subject to be taken to form a special school district.” Although very material changes have since been made in the laws of the state affecting the organization of school districts, and the power and authority of boards of education somewhat extended and increased, yet no substantial change has been made in the provisions of Section 3927-2, Revised Statutes, under consideration in the case just cited, and it was reenacted as part of the *262 school code, and, as we have seen, is now Section 4727, General Code. The language of Section 4727 and also of Section 4696 is clear and explicit. Force and effect can be given to both sections only by construing the provisions of the former as an exception to the requirements of the latter.

Judgments affirmed.

Nichols, C. J., Wanamaker, Newman, Jones,. Matthias, Johnson and Donahue, JJ., concur.